Morris E. Spector, J.
Motion to dismiss the complaint on the ground that the court lacks jurisdiction of the action is denied.
Plaintiff is a citizen of the Dominican Republic who signed on a ship of that flag and registry in that country. Defendant steamship line is a corporation organized under the laws of the Dominican Republic. The accident occurred in Plymouth Harbor, Massachusetts, and recovery is sought under the Jones Act by plaintiff, who is now a resident of Bronx County (and has been at least since July 22,1958).
In Romero v. International Term. Co. (358 U. S. 354) a Spanish subject signed on a ship of Spanish flag and registry which was owned by a Spanish corporation. The plaintiff there was injured while the ship was in port in Hoboken, N. J. The Supreme Court held that the plaintiff in that ease could not sue the Spanish corporation in United States courts since ‘ ‘ the foreign law provides a remedy for the injury, and claims under that law may be conveniently asserted ” (p. 383). The holdings in both the Romero case (supra) and in Lauritzen v. Larsen (345 U. S. 571) clearly indicate that the transitory character of those plaintiffs ’ presence in the United States and the easy availability of a remedy in the foreign forum were the basis for refusing jurisdiction. This court cannot compel a resident of this State to seek relief in a jurisdiction that is lacking in due process, as is the Dominican Republic, especially since he alleges that he would be imprisoned on his return to that dictatorship for having brought this suit and for having alleged in his affidavit on this motion that he desires to become a citizen of the United States of America.